■ RICHARD PARIS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 77395.) [609 NYS2d 71] —In a claim to recover damages under Court of Claims Act § 8-b for unjust conviction and imprisonment, the claimant appeals from an order of the Court of Claims (Blinder, J.), entered January 9, 1992, which granted the State's motion to dismiss the claim and denied the claimant's cross motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The claimant was charged in the same indictment with the crimes of criminally negligent homicide and operating a motor vehicle with a suspended license. The claimant was convicted of both counts in the indictment, and was sentenced to concurrent terms of imprisonment of 1 to 3 years for criminally negligent homicide and 30 days for operating a motor vehicle with a suspended license. This Court reversed the conviction

of criminally negligent homicide, but affirmed the conviction for operating a motor vehicle with a suspended license *(People v Paris,* 138 AD2d 534).

The claimant subsequently brought the instant claim in the Court of Claims, seeking damages for his unjust conviction and imprisonment under Court of Claims Act § 8-b. The State moved to dismiss the claim, and the Court of Claims dismissed the claim on the ground that because the claimant's conviction of operating a motor vehicle with a suspended license had been affirmed by this Court, he was not likely to succeed at trial. We agree.

Under Court of Claims Act § 8-b, the court must dismiss a claim for unjust conviction and imprisonment when, after reading the claim, it finds that the claimant is not likely to succeed at trial *(see,* Court of Claims Act § 8-b [4]). In order to prevail on a claim for unjust conviction and imprisonment, the claimant must prove, by clear and convincing evidence, among other things, that: "he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state" (Court of Claims Act § 8-b [5] [c]).

The requirements of this statute are to be strictly construed *(see, Fudger v State of New York,* 131 AD2d 136). Inasmuch as the claimant admits his guilt of the operation of a motor vehicle with a suspended license, the likelihood of proving his innocence by clear and convincing evidence is nonexistent.

In light of the foregoing, we need not reach the parties' remaining contentions. Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.