OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Claimant’s decedent, Bruce Taylor, was convicted of sale of a controlled substance in 1974. After serving over five years in jail and four years on probation, Taylor successfully moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of prosecutorial misconduct, i.e., the false testimony of the arresting police officer and failure to disclose the circumstances in which the informant against defendant was working with the police. Taylor then commenced this action for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b.
 

 To succeed on a claim for unjust conviction and imprisonment, the claimant must prove by clear and convincing evidence that "he did not by his own conduct cause or bring about his conviction” (Court of Claims Act § 8-b [5] [d]).
 

 The trial court found that Mr. Taylor’s testimony at his criminal trial was less than candid as to his familiarity with the drug transaction for which he was arrested and his interac
 
 *859
 
 tians with his codefendant on the night of his arrest, and that Mr. Taylor had directed his attorney not to call his wife to testify in order to prevent disclosure of her involvement in the crime. Based on those findings, the trial court concluded that Taylor had failed to prove by clear and convincing evidence that he had not caused or brought about his own conviction. The Appellate Division affirmed.
 

 There is evidence in the record that supports the findings below that Taylor directed his attorney not to call his wife to testify in order to protect her, rather than to advance his own cause. Thus, the court’s consideration of that decision was not impermissible consideration of trial strategy
 
 (cf., Ivey v State of New
 
 York, 80 NY2d 474, 482), and its conclusion that claimant had failed to prove by clear and convincing evidence that he had not caused or brought about his conviction was not in error.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, without costs, in a memorandum.