■ TERRY L. CHALMERS, Respondent, v STATE OF NEW YORK, Appellant. [668 NYS2d 227] —In a claim for damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the defendant State of New York appeals from an order of the Court of Claims (Ruderman, J.), dated October 1, 1996, which denied that branch of its motion which was to dismiss so much of the claim as was based upon the jury trial conviction of the defendant for an August 18, 1986 rape.

Ordered that the order is affirmed, without costs or disbursements.

The claimant was indicted in 1986 under Westchester County Indictment No. 86-01094 on charges arising out of two separate incidents. Counts 1 through 12 of the indictment pertained to an August 18, 1986 rape, and counts 13 through 15 pertained to a July 11, 1986 assault. The court granted a severance and the claimant was first tried on the twelve counts relating to the rape. He was found guilty on five counts after a jury trial. Prior to the trial on the three remaining counts, the claimant pleaded guilty to attempted criminal possession of a weapon in the third degree in satisfaction of those counts. The plea had been offered and accepted on the understanding that the sentence would be concurrent with the sentences to be imposed for the crimes for which he had been found guilty by the jury and that the plea would be vacated in the event that the jury verdict of guilty was reversed on appeal.

Subsequently, the convictions arising from the rape were vacated and dismissed when DNA testing showed that the defendant could not have been the perpetrator. His plea of guilty to attempted criminal possession of a weapon in the third degree was later vacated, and those charges were eventually dismissed with the consent of the prosecution. Thereafter, the claimant brought this claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b.

Under Court of Claims Act § 8-b, the court must dismiss a claim for unjust conviction and imprisonment when, after reading the claim, it finds that the claimant is not likely to succeed at trial (see, Court of Claims Act § 8-b [4]). In order to prevail on a claim for unjust conviction and imprisonment, the claimant must prove, by clear and convincing evidence, among other things, that "he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state" (Court of Claims Act § 8-b [5] [c]; see, Paris v State of New York, 202 AD2d 482, 483). The

requirements of the statute are to be strictly construed (*see, Torres v State of New York*, 228 AD2d 579).

In the instant case, the Court of Claims correctly dismissed that portion of the claim which pertained to the vacatur of the plea of guilty since the claimant failed to factually demonstrate a likelihood of success at trial in proving his innocence of the charges arising out of the assault (*see,* Court of Claims Act § 8-b [4]; *Nieves v State of New York*, 186 AD2d 240).

The Court of Claims, however, allowed the claim to proceed with respect to the jury trial conviction arising out of the rape. The State contends that this was error and that the court should have dismissed the entire claim. We disagree.

The State conceded in its motion papers that "as to the five counts of the indictment arising out of the August 18, 1986 incident for which the claimant was convicted, the pleading appears sufficient when measured against the statutory criteria". Having made such a concession, it is disingenuous for the State to now argue that that portion of the claim should be dismissed also.

Moreover, there is nothing in the language of Court of Claims Act § 8-b which can be read as prohibiting the separability of a claim where, as here, there had been a severance of the charges at the trial level. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.