◼ GLORIA VASQUEZ, Respondent, v STATE OF NEW YORK, Appellant. [693 NYS2d 220] —In a claim to recover damages pursuant to the Court of Claims Act § 8-b, the defendant State of New York appeals from an interlocutory judgment of the Court of Claims (Nadel, J.), dated May 27, 1998, which, after a nonjury trial, is in favor of the claimant and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and the complaint is dismissed.

Pursuant to Court of Claims Act § 8-b, any person convicted and subsequently imprisoned for one or more felonies or misdemeanors may present a claim against the State, provided, *inter alia,* that the claimant proves, by clear and convincing evidence, that he or she "did not commit any of the acts charged in the accusatory instrument" (Court of Claims Act § 8-b [5] [c]; *see, Torres v State of New York,* 228 AD2d 579, 580; *Paris v State of New York,* 202 AD2d 482, 483; *see also, Reed v State of New York,* 78 NY2d 1, 8). The requirements imposed by Court of Claims Act § 8-b are to be strictly construed (*see, Reed v State of New York, supra; Chalmers v State of New York,* 246 AD2d 620; *Torres v State of New York, supra; Fudger v State of New York,* 131 AD2d 136, 140).

Contrary to the claimant's contentions, her conclusory and self-serving testimony failed to carry her "heavy burden" (*Reed v State of New York, supra,* at 11), of demonstrating, by clear and convincing evidence, that she did not commit the crimes charged in the accusatory instrument (Court of Claims Act § 8-b [5] [c]; *Pough v State of New York,* 203 AD2d 543; *Fudger v State of New York, supra,* at 140). The fact that this Court

reversed her underlying criminal conviction (*People v Vasquez,* 160 AD2d 751) does not establish her innocence of the crimes in question (*see, Reed v State of New York, supra,* at 7-9; *cf., Taylor v State of New York,* 194 AD2d 113, 116, *affd sub nom. Williams v State of New York,* 87 NY2d 857; *Nieves v State of New York,* 186 AD2d 240, 241). Under these circumstances, the interlocutory judgment appealed from is reversed and the complaint dismissed. Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.