LEE LONG, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 106274.) [797 NYS2d 124]—

In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals (1), as limited by his brief, from so much of an order of the Court of Claims (Sise, J.), dated August 18, 2003, as granted the defendant's cross motion for summary judgment dismissing the claim, and (2) from an order of the same court dated January 29, 2004, which denied his motion for leave to renew.

Ordered that the order dated August 18, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 29, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In 1995 the claimant was convicted of rape in the first degree, robbery in the first degree, and two counts of sexual abuse in the first degree, and sentenced to a term of incarceration. The judgment of conviction was affirmed by this Court (*see People v*

*Long,* 238 AD2d 606 [1997]). Thereafter in March 2000 the claimant moved pursuant to CPL 440.10 (1) (g) (newly discovered evidence); CPL 440.10 (1) (h) (violation of constitutional rights), and CPL 210.40 (dismissal in furtherance of justice) to vacate the judgment and dismiss the indictment. By order dated June 23, 2000, the Supreme Court, after a hearing, granted the motions, vacated the judgment, and dismissed the indictment. On June 26, 2000, the court issued an 11-page memorandum decision in which it explained its determination. In the decision, the Supreme Court stated, inter alia, that "the defendant's motion to set aside the judgment of conviction, pursuant to CPL 440.10, is granted, and the indictment is dismissed, in the interests of justice in accordance with CPL section 210.40."

On May 16, 2002, the claimant again moved to vacate his conviction based upon CPL 440.10 (1) (g) (newly discovered evidence). In support of this motion, the claimant argued that although the decision of the Supreme Court dated June 26, 2000, indicated that it vacated the conviction and dismissed the indictment in the interests of justice pursuant to CPL 210.40, the court did not decide the alternative ground set forth pursuant to CPL 440.10 (1) (g). By order dated May 28, 2002, the Supreme Court granted the motion, specifically stating that it had not ruled on the CPL 440.10 ground raised by the claimant in the earlier motion, but "[n]ow, upon the application of defendant, I reach the issue previously reserved and conclude that defendant's convictions must be vacated" pursuant to CPL 440.10 (1) (g) "based upon the following findings of fact and conclusions of law." After setting forth the said findings and conclusions, the order concluded that the defendant's convictions were vacated pursuant to CPL 440.10 (1) (g) and *the indictment is dismissed in the interests of justice pursuant to CPL 210.40.*

On June 26, 2002, the claimant commenced this claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, seeking compensation, inter alia, for the six years he spent in prison. The State of New York interposed an answer asserting, inter alia, the affirmative defense that the claim was not timely commenced. The claimant moved, among other things, to dismiss that affirmative defense. The State cross-moved for summary judgment dismissing the claim arguing, inter alia, that the "vacatur and/or dismissal in the interests of justice [does] not qualify as an enumerated ground under [Court of Claims Act] § 8-b." The Court of Claims granted the cross motion concluding that it was not commenced within two years of the order dated June 23, 2000, when the Supreme Court dismissed the indictment. The claimant then

moved for leave to renew, and submitted additional documentary evidence regarding the date of dismissal. The Court of Claims denied the motion. The claimant has appealed from both orders. We affirm, although for a reason different than that expressed by the Court of Claims.

In order to bring a claim under Court of Claims Act § 8-b, a claimant must establish, inter alia, that the "claim is not time-barred by the provisions of subdivision seven of this section" (Court of Claims Act § 8-b [3] [c]). Subdivision (7) provides that "[a]ny person claiming compensation under this section based on . . . the dismissal of an accusatory instrument that occurred on or after the effective date of this section shall file his claim within two years after the pardon or dismissal" (Court of Claims Act § 8-b [7]).

The claimant argues, inter alia, that the statute of limitations did not begin to run until the Supreme Court issued its order dated May 28, 2002, because only then, did the court decide, that the motion to vacate the conviction should be granted under CPL 440.10, thus "provid[ing] a Court of Claims Section 8-b cause of action." However, in the decision dated June 26, 2000, the Supreme Court stated that it was granting the motion to set aside the judgment of conviction *pursuant to CPL 440.10*. Moreover, the decision also indicated that *the indictment would be dismissed, in the interests of justice, in accordance with CPL 210.40*. Accordingly, although the order dated May 28, 2002, indicated that the June 26, 2000 decision never reached that branch of the claimant's motion which was to dismiss the conviction based upon CPL 440.10, the decision dated June 26, 2000, clearly indicates otherwise.

In any event, even assuming that the Supreme Court only reached the issue of vacatur of the judgment of conviction based upon CPL 440.10 in its 2002 order, both the decision dated June 26, 2000, and the order dated May 28, 2002, specifically indicated that the court was dismissing the indictment *in the interests of justice*. Neither indicated that the indictment was being dismissed in accordance with CPL 440.10. A claim for unjust conviction and imprisonment, pursuant to Court of Claims Act § 8-b, requires, as a condition precedent to a lawsuit for damages against the State, that both the "judgment of conviction [be] . . . vacated, *and the accusatory instrument dismissed*" upon an enumerated CPL 440.10 ground (emphasis supplied). "The requirements imposed by Court of Claims Act § 8-b are to be strictly construed" (*Vasquez v State of New York*, 263 AD2d 539 [1999]; *see Reed v State of New York*, 78 NY2d 1 [1991]; *Chalmers v State of New York*, 246 AD2d 620 [1998]).

Accordingly, since the indictment in this case was dismissed only upon an interests of justice basis and not pursuant to CPL 440.10, the claimant failed to make out a viable Court of Claims Act § 8-b claim, and thus the Court of Claims properly granted the State's motion for summary judgment dismissing the claim.

In view of our conclusion, we deem it unnecessary to reach the issue of whether the claim was timely commenced, including the question of when the judgment of conviction was vacated, and the indictment actually dismissed.

The appellant's remaining contentions are without merit. Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur. [*See* 2 Misc 3d 390 (2003).]