# IN THE SUPREME COURT OF IOWA

No. 94 /05-0581

Filed December 15, 2006

**STATE OF IOWA,**

Appellee,

vs.

**ROBERT EDWIN DOHLMAN,**

Appellant.

Appeal from the Iowa District Court for Mitchell County, Bryan H. McKinley, Judge.

Defendant appeals from a district court finding that he failed to establish he was a wrongfully imprisoned person. **AFFIRMED.**

Judith M. O'Donohoe of Elwood, O'Donohoe, Stochl, Braun & Churbuck, Charles City, for appellant.

Thomas J. Miller, Attorney General, William A. Hill, Assistant Attorney General, and Mark L. Walk, County Attorney, for appellee.

**WIGGINS, Justice.**

In this case, we must decide whether Robert Dohlman proved he was a wrongfully imprisoned person under chapter 663A of the Iowa Code (Supp. 1997).[1]  The district court found Dohlman was not a wrongfully imprisoned person because he did not prove by clear and convincing evidence that he did not commit the offenses for which he was convicted, sentenced, and imprisoned or that any person, including himself, did not commit these offenses.  In our review of the record, we find substantial evidence supports this finding and affirm the judgment of the district court.

## I.  Background Facts and Proceedings.

In the early morning hours of December 6, 1998, Dohlman's vehicle collided with a van driven by Jessica Sweeney.  The collision caused the death of her husband and passenger, James Sweeney.  The collision also caused Jessica to suffer a broken vertebra and multiple fractures in her arm.

The State charged Dohlman with homicide by vehicle, in violation of Iowa Code section 707.6A(1); homicide by vehicle, in violation of Iowa Code section 707.6A(2)(*a*); and two counts of serious injury by vehicle, in violation of Iowa Code section 707.6A(4).  A jury convicted Dohlman of all four charges and the court sentenced Dohlman to a term of imprisonment.  Although Dohlman appealed his conviction, he began serving his sentence immediately because under Iowa law he was ineligible for bail.  *See* Iowa Code § 811.1(2) (providing a defendant

---

[1] Unless otherwise indicated, all citations to Code sections are to the 1997 Iowa Code Supplement.

appealing a conviction for a class "B" felony under section 707.6A shall not be admitted to bail during the pendency of the appeal).

We transferred Dohlman's appeal to our court of appeals. It reversed his convictions finding there was insufficient evidence to support a finding that Dohlman was guilty beyond a reasonable doubt. *State v. Dohlman,* No. 01-1873, 2002 WL 31882998, at *5 (Iowa Ct. App. Dec. 30, 2002). The State filed a request for further review, which we denied. After serving approximately one year and five months of his sentence, the State released Dohlman from custody.

Dohlman then filed an application for entry of order re wrongful imprisonment under chapter 663A. The district court found Dohlman did not prove under section 663A.1(2) that he did not commit the offenses for which he was convicted, sentenced, and imprisoned or that any person, including himself, did not commit these offenses. Dohlman now appeals the district court judgment holding he was not a wrongfully imprisoned person under chapter 663A.

## II. Issue.

We must decide whether substantial evidence supports the district court's determination that Dohlman did not prove the requirements of section 663A.1(2) by clear and convincing evidence.

## III. Scope of Review.

This court's function is not to invalidate the district court's factual findings if substantial evidence supports its findings. *Fischer v. City of Sioux City*, 695 N.W.2d 31, 33 (Iowa 2005). We consider evidence as substantial if a reasonable person would accept the evidence as adequate to reach the district court's conclusion. *Nash Finch Co. v. City of Cedar Rapids*, 672 N.W.2d 822, 825 (Iowa 2003). "Evidence is not

insubstantial merely because we may draw different conclusions from [the evidence]; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding." *Fischer*, 695 N.W.2d at 34 (citations omitted).

Therefore, "[w]hen the challenge to the district court's ruling is lack of substantial evidence, we view the evidence in the light most favorable to the judgment" and "we liberally construe the district court's findings to uphold, rather than defeat, the result reached." *Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996) (citation omitted). "However, neither the district court's conclusions of law nor its application of its legal conclusions is binding on appeal." *Fischer*, 695 N.W.2d at 34 (citations omitted). Our review is for correction of errors at law. Iowa R. App. P. 6.4.

**IV.  Statutory Framework.**

Dohlman sought a finding that he was a wrongfully imprisoned person under chapter 663A of the Iowa Code. The first step in qualifying as a wrongfully imprisoned person requires an individual to meet the following criteria:

> 1.  As used in this section, a *"wrongfully imprisoned person"* means an individual who meets all of the following criteria:
>
> *a.* The individual was charged, by indictment or information, with the commission of a public offense classified as an aggravated misdemeanor or felony.
>
> *b.* The individual did not plead guilty to the public offense charged, or to any lesser included offense, but was convicted by the court or by a jury of an offense classified as an aggravated misdemeanor or felony.
>
> *c.* The individual was sentenced to incarceration for a term of imprisonment not to exceed two years if the offense

was an aggravated misdemeanor or to an indeterminate term of years under chapter 902 if the offense was a felony, as a result of the conviction.

    *d.* The individual's conviction was vacated or dismissed, or was reversed, and no further proceedings can be or will be held against the individual on any facts and circumstances alleged in the proceedings which had resulted in the conviction.

    *e.* The individual was imprisoned solely on the basis of the conviction that was vacated, dismissed, or reversed and on which no further proceedings can be or will be had.

Iowa Code § 663A.1(1).

If these criteria are met, the court then proceeds to the second inquiry: whether that person meets the requirements of section 663A.1(2). Section 663A.1(2) provides:

    2. Upon receipt of an order vacating, dismissing, or reversing the conviction and sentence in a case for which no further proceedings can be or will be held against an individual on any facts and circumstances alleged in the proceedings which resulted in the conviction, the district court shall make a determination whether there is clear and convincing evidence to establish either of the following findings:

    *a.* That the offense for which the individual was convicted, sentenced, and imprisoned, including any lesser included offenses, was not committed by the individual.

    *b.* That the offense for which the individual was convicted, sentenced, and imprisoned was not committed by any person, including the individual.

*Id.* § 663A.1(2). If the criteria of both section 663A.1(1) and section 663A.1(2) are met, the individual qualifies as a wrongfully imprisoned person. *Id.* § 663A.1(3)(*a*).

The parties agree Dohlman met the criteria of section 663A.1(1). The parties disagree as to whether Dohlman met his burden of proof

under section 663A.1(2). Therefore, the resolution of this appeal depends on our construction of Iowa Code section 663A.1(2).

When confronted with the task of statutory interpretation, we have stated:

> The goal of statutory construction is to determine legislative intent. We determine legislative intent from the words chosen by the legislature, not what it should or might have said. Absent a statutory definition or an established meaning in the law, words in the statute are given their ordinary and common meaning by considering the context within which they are used. Under the guise of construction, an interpreting body may not extend, enlarge, or otherwise change the meaning of a statute.

*Auen v. Alcoholic Beverages Div.,* 679 N.W.2d 586, 590 (Iowa 2004) (citations omitted). Additionally, legislative intent is derived not only from the language used but also from "the statute's 'subject matter, the object sought to be accomplished, the purpose to be served, underlying policies, remedies provided, and the consequences of the various interpretations.' " *Cox v. State,* 686 N.W.2d 209, 213 (Iowa 2004) (citations omitted). When ascertaining legislative intent, the legislative history of a statute is also instructive. *State v. Schultz,* 604 N.W.2d 60, 62 (Iowa 1999); *Richards v. Iowa Dep't of Revenue,* 362 N.W.2d 486, 488 (Iowa 1985); *see also* Iowa Code § 4.6(3) (1997) (stating the court may consider the legislative history of an ambiguous statute in determining legislative intent).

The plain language of section 663A.1(2) requires a person to prove by clear and convincing evidence that the person did not *commit* the originally charged offenses or the offenses were not *committed* by any person, including himself. "Commit" means to do or to perform an act. *Webster's Third New International Dictionary* 457 (unabr. ed. 2002).

Thus, the plain meaning of the words used by the legislature indicates section 663A.1(2) requires proof the person did not do the offense or the facts establish an offense was not done by anyone.

The legislative history supports this plain meaning interpretation of section 663A.1(2).  First, in the explanation of the bill, the committee on the judiciary stated the purpose of the bill is to provide damages to

> a person who was charged with, convicted of, and sentenced to serve a term of incarceration[,] . . . and whose conviction was vacated, dismissed, or reversed either because *the offense was committed by another person or the offense was a fabrication.*

H.F. 674 Explanation, 77th Gen. Assemb., Reg. Sess. (Iowa 1997) (emphasis added).

Second, the proposed legislation had a fiscal impact, requiring a statement on the fiscal impact of the bill prior to conducting any debate on the bill.  Joint Rules of the Senate and House, H.R.J. Res. 3, 77th Gen. Assemb., R. 17 (Iowa 1997).  The fiscal impact statement for the bill contained the assumption that "[a]pproximately one case per year is reversed because of insufficient evidence.  It is assumed that cases meeting the requirements of this Bill would occur *less frequently*."  H.F. 674 Fiscal Note, 77th Gen. Assemb., Reg. Sess. (Iowa 1997) (emphasis added).  After receiving the fiscal impact statement, the house and senate passed the bill.  We assume one of the reasons the legislature passed the bill is because of the fiscal statement and its assumption.  *State v. Allen,* 708 N.W.2d 361, 367 (Iowa 2006).

Therefore, considering the plain meaning of the statute and its legislative history, in order for a person to qualify for the benefits afforded by section 663A.1(2), the person must prove by clear and

convincing evidence: (1) the person did not do the offense for which the person was convicted, sentenced, and imprisoned; or (2) the offense for which the person was convicted, sentenced, and imprisoned was not done by anyone.

## V. Analysis.

Dohlman asserts the reversal of his convictions by the court of appeals in and of itself proves the requirements of section 663A.1(2) by clear and convincing evidence. He argues this assertion in two different ways.

First, he argues because the court of appeals reviewed his conviction in the light most favorable to the State, that review is more closely aligned with his clear and convincing burden rather than the burden used at his criminal trial, requiring the State to prove his guilt beyond a reasonable doubt. Second, he argues the court of appeals' finding of insufficient evidence to support his convictions is controlling law for purposes of section 663A.1(2) under the law-of-the-case doctrine.

These two arguments are essentially the same argument made in two different ways. The only law of the case found by the court of appeals is its legal finding that when it viewed the evidence in the light most favorable to the State, there was insufficient evidence to support a finding that Dohlman was guilty beyond a reasonable doubt. We disagree the reversal of Dohlman's convictions by the court of appeals proves his claim under section 663A.1(2).

Section 663A.1(2) requires a person to prove by clear and convincing evidence: (1) the person did not commit the offense for which the person was convicted, sentenced, and imprisoned; or (2) the offense for which the person was convicted, sentenced, and imprisoned was not

committed by anyone. An appellate court finding that there is not substantial evidence to support a criminal conviction does not meet the requirements of section 663A.1(2). *See Vasquez v. New York,* 693 N.Y.S.2d 220, 220 (N.Y. 1999) (holding a reversal of the underlying criminal conviction does not establish innocence by clear and convincing evidence); *Reed v. State,* 574 N.E.2d 433, 435 (N.Y. 1991) (finding a reversal of the underlying criminal conviction is not equivalent to a finding of innocence in a subsequent civil proceeding for wrongful imprisonment involving a lower standard than proof beyond a reasonable doubt); *Walden v. Ohio,* 547 N.E.2d 962, 966 (Ohio 1989) (stating "[a]s a general rule, a verdict or judgment of acquittal in a criminal trial is a determination that the state has not met its burden of proof on the essential elements of the crime[, i]t is not necessarily a finding that the accused is innocent" for purposes of a wrongful imprisonment claim); *Le Fevre v. Goodland,* 19 N.W.2d 884, 885 (Wis. 1945) (finding a determination that the state's evidence was insufficient to prove the defendant guilty beyond a reasonable doubt is not equal to finding the defendant is innocent beyond a reasonable doubt). Such a finding by an appellate court only means when the court views the evidence in the light most favorable to the State, a rational trier of fact cannot find the defendant guilty beyond a reasonable doubt. *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006).

Therefore, under either of Dohlman's arguments, a finding by our court of appeals that the evidence was insufficient to support Dohlman's conviction does not in and of itself preclude a court from determining whether Dohlman proved the requirements of section 663A.1(2) by clear and convincing evidence.

Next, Dohlman asserts even if the court of appeals reversal does not in and of itself meet his burden of proof, there is insufficient evidence in the record to support the district court's finding that he did not prove the requirements of section 663A.1(2). To address this assertion, it is necessary to discuss the offenses for which Dohlman was convicted, sentenced, and imprisoned.

Dohlman was convicted of homicide by vehicle, in violation of Iowa Code section 707.6A(1); homicide by vehicle, in violation of Iowa Code section 707.6A(2)(*a*); and two counts of serious injury by vehicle, in violation of Iowa Code section 707.6A(4). A person commits the crime of homicide by vehicle, in violation of section 707.6A(1) when "the person unintentionally causes the death of another by operating a motor vehicle while intoxicated, as prohibited by section 321J.2." Iowa Code § 707.6A(1). Section 321J.2 provides in relevant part:

> 1. A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state in either of the following conditions:
>
> *a.* While under the influence of an alcoholic beverage or other drug or a combination of such substances.
>
> *b.* While having an alcohol concentration as defined in section 321J.1 of .10 or more.

*Id.* § 321J.2.

The crime of homicide by vehicle in violation of section 707.6A(2)(*a*) is committed "when the person unintentionally causes the death of another by . . . [d]riving a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property, in violation of section 321.277." *Id.* § 707.6A(2)(*a*). Section 321.277 provides that "[a]ny person who drives any vehicle in such manner as to indicate either

a willful or a wanton disregard for the safety of persons or property is guilty of reckless driving." *Id.* § 321.277 (1997).

The crime of serious injury by vehicle, in violation of section 707.6A(4), is committed "when the person unintentionally causes a serious injury, as defined in section 321J.1, subsection 8 by any of the means described in [section 707.6A(1) or (2)(*a)*]." *Id.* § 707.6A(4). Section 321J.1(8) defines serious injury as

> a bodily injury which creates a substantial risk of death, or which causes serious permanent disfigurement, or which causes protracted loss or impairment of the function of any bodily organ or major bodily member, or which causes the loss of any bodily member.

*Id.* § 321J.1(8) (1997).

Because the undisputed record establishes Dohlman unintentionally caused the death of James Sweeney and serious injury to Jessica Sweeney at the time of the collision, he must prove by clear and convincing evidence he was neither driving while intoxicated nor driving his motor vehicle in a reckless manner to establish he was a wrongfully imprisoned person.

The record establishes after a day of deer hunting, Dohlman consumed numerous alcoholic beverages at various locations. The fatal accident occurred at approximately 1:30 a.m. After the accident, the authorities transported Dohlman to the local hospital for a blood test. At 5:04 a.m., a nurse drew a sample of his blood. The authorities sent the sample to the department of criminal investigation (DCI). The DCI tested the blood sample and determined Dohlman's blood alcohol level to be .036 at the time it was drawn.

At trial, a criminologist from the DCI applied the science of retrograde extrapolation to determine Dohlman's blood alcohol at the time of the accident. Retrograde extrapolation determines how much alcohol a person's body metabolizes between the time a blood sample is drawn and some prior time, such as the time of an accident. An averaged metabolized amount is then added to the blood alcohol level established by the initial test to approximate a person's blood alcohol at a prior time.

After applying the science of retrograde extrapolation, the criminologist opined at the time of the accident Dohlman's blood alcohol level was between .081 and .096. The criminologist also opined a driver's judgment, control, and reaction time begins to be impaired when a blood alcohol level reaches .05. Finally, the criminologist testified once a blood alcohol level reaches .08 most drivers' driving skills are measurably impaired.

In its review, the court of appeals concluded when it considered both the expert and lay testimony as to Dohlman's intoxication the evidence was insufficient to support a conviction beyond a reasonable doubt. Notwithstanding the court of appeals' conclusion, the evidence of intoxication still supports the district court finding that Dohlman failed to prove by clear and convincing evidence he did not commit the offenses for which he was charged.

At the time of the accident, a person operated a vehicle while intoxicated by driving the vehicle under the influence of an alcoholic beverage or when the driver operated the vehicle with an alcohol concentration of .10 or more. Iowa Code § 321J.2(1)(*a*), (*b*). Although the record does not establish Dohlman's blood alcohol level to be .10 or

more, the testimony of the criminologist is substantial evidence indicating a person driving a vehicle with a blood alcohol level above .05 is under the influence of an alcoholic beverage. The criminologist testified Dohlman's blood alcohol level was between .081 and .096 at the time of the accident.

Reviewing the record in the light most favorable to uphold the district court's judgment, this evidence supports the district court's conclusion that Dohlman had not proved by clear and convincing evidence that he was not driving while intoxicated at the time of the accident. Accordingly, Dohlman failed to prove he did not commit the offenses of homicide by vehicle under section 706A.1 and serious injury by vehicle under section 706A.4. Therefore, we are required to affirm the district court's finding that Dohlman did not meet the requirements of section 663A.1(2) by clear and convincing evidence.

Under section 663A.1(2), wrongfully imprisoned person status only applies if a person can prove by clear and convincing evidence: (1) he did not commit the offenses for which he was convicted, sentenced, and imprisoned; or (2) the offenses for which he was convicted, sentenced, and imprisoned were not committed by anyone. In most cases, this status will apply to a person who is completely exonerated of the crime for which he was imprisoned, or if it is determined the victim fabricated that crime. Dohlman's failure to meet this heavy burden prevents the district court from entering an order classifying him as a wrongfully imprisoned person. Accordingly, we affirm the judgment of the district court.

## VI. Conclusion and Disposition.

Because substantial evidence supports the district court's finding that Dohlman failed to prove by clear and convincing evidence he did not commit the offenses for which he was convicted, sentenced, and imprisoned or that any person, including himself, did not commit these offenses, we affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except Hecht and Appel, JJ., who take no part.