**IN THE COURT OF APPEALS OF IOWA**

No. 13-1313
Filed June 25, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON CECAK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, James A. McGlynn, Judge.

        Jason Cecak appeals from the district court's order dismissing his application to establish he was wrongfully imprisoned. **AFFIRMED.**

        Matt J. Reilly of Eells & Trevonold Law Offices, P.L.C., Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, Special Litigation Division, for appellee.

        Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Jason Cecak appeals from the district court's order dismissing his application to establish he was wrongfully imprisoned. Having pled guilty to the offense for which he was charged, Cecak does not meet the criterion set forth in Iowa Code section 663A.1(1)(b) (2013), and he therefore does not qualify as a "wrongfully imprisoned person" under the statute. Accordingly, we affirm the district court's dismissal of Cecak's application.

### I. *Background Facts and Proceedings.*

On November 27, 2000, Cecak was charged by trial information with two counts: (I) third-degree sexual abuse, in violation of Iowa Code sections 709.1, 709.4(2)(c)(4), and 702.17 (1999), and (II) conduct with a minor, in violation of section 709.14. The facts involved consensual sex acts between Cecak, then age nineteen, and a victim who was then fourteen-years-and-eight-months old.

The State and Cecak reached a plea agreement whereby Cecak would plead guilty in count I to the reduced crime of lascivious acts with a child, in violation of section 709.8(1)(2), and the State would dismiss count II. On April 11, 2001, an amended and substituted information was filed amending count I to charge Cecak with lascivious acts with a child as set forth in the agreement. Cecak's guilty plea was accepted by the court on July 2, 2001. Cecak was adjudged guilty of the lascivious-acts-with-a-child charge and sentenced on September 10, 2001. Count II was dismissed.

After his second probation violation, Cecak was imprisoned. He was later paroled and his sentence discharged.

After Cecak contacted the State in early 2012, the State filed a motion to vacate judgment and dismiss count I. The State's motion stated the victim's age was fourteen years and eight months at the time of the crime, and it noted Iowa Code section 702.5 defined "child" for the purposes of chapter 709 sex crimes to be "any person under the age of fourteen years." The State's motion alleged there was not a factual basis for Cecak's 2001 guilty plea to the crime of lascivious acts with a child, and it requested his guilty plea and sentence be set aside. The district court later vacated and dismissed count I "for the reasons stated in the State's motion."

On June 20, 2013, Cecak filed an application for wrongful imprisonment under Iowa Code section 663A.1 (2013).[1] The State moved to dismiss Cecak's application asserting he was disqualified from being considered a "wrongfully imprisoned person" under section 663A.1(1)(b) because he pled guilty to the underlying offense. After a hearing, the district court dismissed Cecak's application, agreeing Cecak did not meet the criterion set forth in section 663A.1(1)(b).

Cecak now appeals.

---

[1] The Iowa wrongful imprisonment statute creates a cause of action for wrongful imprisonment that permits a person to commence an action for damages under the State Tort Claims Act. *See generally* Iowa Code ch. 663A. Like other persons permitted to bring a tort action against the state, a wrongfully imprisoned person is given the right to sue the state in district court for damages after first presenting the claim to the State Appeals Board. *See id.* §§ 669.3-.5. However, a wrongfully imprisoned person must first clear a hurdle not set for other state tort claimants. *See State v. McCoy*, 742 N.W.2d 593, 596 (Iowa 2007). A wrongfully imprisoned person may not proceed with a lawsuit under the State Tort Claims Act until the district court has conducted a predicate review and assessment of the claim and found the person is entitled to commence a civil action based on two preliminary findings. *See State v. Dohlman*, 725 N.W.2d 428, 430-31 (Iowa 2006). This additional procedure permits the district court to serve as a gatekeeper of such claims to insure only meritorious claims for damages will be filed with the State Appeals Board. *McCoy*, 742 N.W.2d at 596.

## II. Scope and Standards of Review.

We review a district court's ruling on wrongful imprisonment claims for errors at law. *Smith v. State*, 845 N.W.2d 51, 54 (Iowa 2014). The district court's findings of fact will be upheld if supported by substantial evidence. *Id.*

## III. Discussion.

"The legislature created a statutory cause of action for wrongful imprisonment." *See id.* (citing Iowa Code § 663A.1). We must therefore apply the statute to the facts in order to determine if Cecak is entitled to compensation. *See Smith*, 845 N.W.2d at 55. Consequently, we must first determine if Cecak meets the definition of a wrongfully imprisoned person defined in section 663A.1(1). *Id.* If so, we next determine whether Cecak did not commit the offense or the offense was not committed by any person. *See id.* (citing Iowa Code § 663A.1(2)).

To qualify as a wrongfully imprisoned person, section 663A.1(1) states the applicant must meet "all of the following" criteria, including that the applicant "did not plead guilty to the public offense charged, or to any lesser included offense, but was convicted by the court or by a jury of an offense classified as an aggravated misdemeanor or felony." *See* Iowa Code § 663A.1(1)(b). The court record is examined to determine if the applicant meets each criterion. *Smith*, 845 N.W.2d at 55. If an applicant does not meet any one of the five criteria, the applicant does not meet the statutory definition of a "wrongfully imprisoned person," and thus does not meet the first step of the analysis. *See id.* If the first step is not met, the court need not proceed to the second step of analysis. *Id.* (Holding "[o]nce the court determines the applicant is a wrongfully imprisoned

person," *then* the court makes a determination under the second step (emphasis added)).

Here, substantial evidence supports the district court's finding that Cecak does not meet the statutory definition of a "wrongfully imprisoned person." The court file establishes an amended information was filed charging Cecak with lascivious acts with a child in violation of section 709.8(1)(2). Cecak pled guilty to that charge. Consequently, Cecak has failed to establish he "did not plead guilty to the public offense charged, or to any lesser included offense, but was convicted by the court or by a jury of an offense classified as an aggravated misdemeanor or felony." *See* Iowa Code § 663A.1(1)(b). Having failed to establish he was a "wrongfully imprisoned person," his application is fatally flawed. We therefore affirm the district court's dismissal of Cecak's application for wrongful imprisonment.

**AFFIRMED.**