Jones v State of New York (2018 NY Slip Op 08985)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Jones v State of New York

2018 NY Slip Op 08985

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526565

[*1]LAVELL JONES, Appellant,
vSTATE OF NEW YORK, Respondent.

Calendar Date: November 13, 2018
Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Glenn A. Garber, PC, New York City (Glenn A. Garber of counsel), for appellant.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.

MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Court of Claims (Collins, J.), entered June 28, 2017, which granted defendant's motion to dismiss the claim.
In 1997, claimant and Carl Dukes were each charged in a multiple count indictment with crimes stemming from an October 4, 1996 robbery at the apartment of Erik Mitchell in the City of Albany and the fatal shooting of Mitchell at his apartment on February 18, 1997. Following a jury trial, claimant was convicted, as relevant here, of burglary and various robbery charges stemming from the October 1996 incident, as well as two counts of murder in the second degree stemming from the February 1997 incident. He was sentenced to an aggregate prison term of 37½ years to life, and his conviction was upheld on appeal (People v Jones, 283 AD2d 665 [2001], lv denied 96 NY2d 903 [2001]). In 2014, Jeffrey Conrad was arrested in Ohio and confessed to having murdered Mitchell. Thereafter, all of claimant's convictions were vacated and the charges were reinstated. On the People's motion, the murder charges were dismissed in the interest of justice. At this same proceeding, claimant then pleaded guilty to a single count of robbery in the first degree and was sentenced to a prison term of 7 to 14 years. Having already served 19 years in prison, claimant was released. Claimant then filed this claim seeking compensation for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b. Finding that claimant could not meet the Court of Claims Act § 8-b requirements in view of his guilty plea, the Court of Claims granted defendant's motion to dismiss the claim. Claimant appeals.[FN1]
Court of Claims Act § 8-b allows individuals who are unjustly convicted and imprisoned to recover damages from defendant. To avoid dismissal of his claim, claimant was [*2]required to establish, as relevant here, that "he did not commit any of the acts charged in the accusatory instrument" (Court of Claims Act § 8-b [4] [a]; [5] [c]). Claimant admitted that he committed acts charged in the indictment when he pleaded guilty to first degree robbery; however, he argues that the term "accusatory instrument" must be construed as applying only to the murder charges because they arose from an event that had no connection to the robbery.
In confronting an issue of statutory interpretation involving Court of Claims Act § 8-b, the Court of Appeals noted that, "[w]hen presented with an issue of statutory interpretation, the court's primary consideration is to ascertain and give effect to the intention of the Legislature. Although statutes will ordinarily be accorded their plain meaning, it is well settled that courts should construe them to avoid objectionable, unreasonable or absurd consequences" (Long v State of New York, 7 NY3d 269, 273 [2006] [internal quotation marks and citations omitted]). Indeed, the Court of Appeals has also instructed that courts can "'look[] beyond the words to the purpose of the [statute] . . . even when the plain meaning did not produce absurd results but merely an unreasonable one plainly at variance with the policy of the legislation as a whole'" (New York State Psychiatric Assn., Inc. v New York State Dept. of Health, 19 NY3d 17, 25-26 [2012], quoting United States v American Trucking Assns., Inc., 310 US 534, 543 [1940]). Further, " each section of a legislative act must be considered and applied in connection with every other section of the act, so that all will have their due, and conjoint effect" (New York State Psychiatric Assn., Inc. v New York State Dept. of Health, 19 NY3d at 24 [internal quotation marks, brackets and citation omitted]).
The term "accusatory instrument" could be literally construed to refer to the single indictment that charged claimant with crimes that arose from both events — the robbery and the subsequent murder. However, that conclusion must be measured against the intent of the legislation plainly expressed in the statute, which states that "[t]he [L]egislature finds and declares that innocent persons who have been wrongly convicted of crimes and subsequently imprisoned have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law and that such persons should have an available avenue of redress over and above the existing tort remedies to seek compensation for damages. The [L]egislature intends by enactment of the provisions of this section that those innocent persons who can demonstrate by clear and convincing evidence that they were unjustly convicted and imprisoned be able to recover damages against [defendant]" (Court of Claims Act § 8-b [1]). Hence, "the linchpin of the statute is innocence" (Ivey v State of New York, 80 NY2d 474, 479 [1992] [internal quotation marks and citation omitted]; see Long v State of New York, 7 NY3d at 273).
Under the unique facts of this case, a literal interpretation of "accusatory instrument" would lead to an unreasonable result starkly at odds with the clearly-expressed intent of the statute by denying recovery to claimant — who is indisputably innocent of the murder for which he was wrongfully convicted and imprisoned — solely because the charges arising from events now known to be unrelated were joined in a single indictment. The charges arising from the two separate events were initially properly joined in a single indictment based on the prosecution's theory that Mitchell was killed in February 1997 in an attempt to intimidate witnesses to the October 1996 robbery (see CPL 200.20 [2] [b]). Notably, however, it is now undisputed that the events were unrelated because Conrad — who had no connection to the robbery or to claimant — has confessed to killing Mitchell.
Thus, we agree with claimant that where, as here, an indictment charges crimes based on separate events that could not have been properly joined had all the relevant facts been known at the time of indictment, the term "accusatory instrument" must be construed as referring to only those counts that are based on the separate event or transaction underlying the crime for which the claimant was wrongfully convicted and imprisoned. This interpretation gives effect to the Legislature's intent to permit innocent persons who have been wrongly convicted of crimes and subsequently imprisoned to recover damages against defendant, while precluding recovery by a claimant who committed any of the acts charged in an accusatory instrument that are related to the same event as the crime for which the claimant asserts he or she was wrongfully convicted [*3](see e.g. Rivers v State of New York, 202 AD2d 565 [1994], lv denied 84 NY2d 806 [1994]; Paris v State of New York, 202 AD2d 482 [1994]).
We note that the Second Department has also reached the same conclusion — that a claimant charged in a single indictment for crimes arising from unrelated events is not precluded from asserting a claim for wrongful conviction on charges stemming from only one of the unrelated events by his or her inability to prove that he or she was innocent of all acts associated with the remaining event or events (Chalmers v State of New York, 246 AD2d 620 [1998]). In Chalmers, the claimant was indicted on charges arising out of two separate incidents — an alleged rape and an assault. After the charges were severed, the claimant was convicted on several rape charges at trial and then pleaded guilty to an attempted criminal possession of a weapon charge. The rape convictions were subsequently "vacated and dismissed when DNA testing showed that the [claimant] could not have been the perpetrator" (id. at 620). The unjust conviction claim based on the rape charges was allowed to proceed on the premise that the charges from two separate events had been severed at the trial level (id. at 621).
An understanding of severance is necessary to appreciate the import of Chalmers. Severance is the procedure by which two or more counts contained in a single accusatory instrument are severed for separate trial (see People v Lane, 56 NY2d 1, 7-8 [1982]) — it does not effect a severance of the accusatory instrument itself. Thus, notwithstanding the severance of the unrelated charges for purposes of trial, the claimant in Chalmers remained subject to only one accusatory instrument — the original indictment. Nonetheless, the claimant was permitted to pursue his claim of wrongful conviction on the rape charges even though he could not establish that he had not committed acts related to the assault that were charged in the same — and only — accusatory instrument. For the reasons set forth above, we conclude that the Court of Claims erred in granting defendant's motion to dismiss the claim.
McCarthy, J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion denied and matter remitted to the Court of Claims to permit defendant to serve an answer within 20 days of the date of this Court's decision.
Footnotes

Footnote 1: Dukes also brought a similar claim against defendant, which was dismissed by the Court of Claims (DeBow, J.) on the same grounds. Dukes has also appealed (Dukes v State of New York, ___ AD3d ___ [decided herewith]).