OPINION OF THE COURT
Frank S. Rossetti, J.
Motion by defendant for dismissal (CPLR 3211 [a] [7]) is denied.
*219 Defendant moves to dismiss the subject unjust conviction claim (see, Court of Claims Act § 8-b) on the ground it does not meet an alleged requirement of the relevant statute, to wit, reversal or vacatur of the conviction on a ground specified in the statute (see, Court of Claims Act § 8-b [3] [b] [ii]). Claimant responds that a reversal need not be on one of the specified grounds where there is a retrial and an acquittal. Since the subject statute is recent (see, L 1984, ch 1009, eff Dec. 21, 1984) and establishes a remedy previously unknown in this State (see generally, Court of Claims Act § 8-b [1]; 1984 Report of NY Law Rev Commn, in 1984 McKinney’s Session Laws of NY [hereinafter Report], at 2899 et seq.; Executive mem, 1984 McKinney’s Session Laws of NY, at 3669), it is unsurprising that neither the parties nor the court could uncover any cases in point (apparently there is yet very little appellate law on the statute). Nevertheless, notwithstanding the seeming first impression nature of the issue, we believe claimant’s is the more adequately supported construction and thus find that the provision specifying grounds applies only where there is simply a dismissal of an accusatory instrument, not where there is a new trial and finding of lack of guilt.
On November 14, 1973, Terrence Ferrer was convicted of second degree murder (see, Penal Law § 125.25) and sentenced to a term of 15 years to life on January 29, 1974. On January 24, 1984 claimant’s conviction was reversed and a new trial ordered. (People v Ferrer, 99 AD2d 459.) The reversal was based on a constitutional inadequacy of counsel arising from claimant’s attorney’s conflict of interest in also representing claimant’s codefendants (supra, at 460). Mr. Ferrer was released from custody May 30, 1984 and on May 15, 1986 he was found not guilty after a retrial. He then timely commenced the instant action January 7, 1987 (see, Court of Claims Act § 8-b [7]; §11).
The part of the unjust conviction act in issue reads as follows:
"3. In order to present the claim for unjust conviction and imprisonment, claimant must establish by documentary evidence that: * * *
"(b)* * * (ii) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the judgment of conviction was re *220 versed or vacated, and the accusatory instrument was dismissed, on any of the following grounds: (A) paragraph (a), (b), (c), (e) or (g) of subdivision one of section 440.10 of the criminal procedure law; or (B) subdivision one (where based upon grounds set forth in item (A) hereof), two, three (where the count dismissed was the sole basis for the imprisonment complained of) or five of section 470.20 of the criminal procedure law; or (C) comparable provisions of the former code of criminal procedure or subsequent law; or (D) the statute, or application thereof, on which the accusatory instrument was based violated the constitution of the United States or the state of New York” (Court of Claims Act § 8-b [3] [b] [ii]).
The argument made by defendant is that here there was no reversal and dismissal on any of the specified grounds, but rather only a reversal on a constitutional ground specifically omitted by the statute. (See, Court of Claims Act § 8-b [3] [b] [ii] [A], [B]; CPL 440.10 [1] [d], [h].) The State therefore concludes the claim does not satisfy one of the prerequisites of the statute and should be dismissed. Claimant argues that the specified grounds need be met only where there has been a dismissal of the accusatory instrument and not where there has been an acquittal.[1] While the court will not go so far as to say the statute is without ambiguity (cf., McKinney’s Cons Laws of NY, Book 1, Statutes § 76),[2] we believe proper logical and statutory analysis support the conclusion reached in this case.
Subdivision (3) (b) (ii) of the statute defines three circumstances where relief is possible: (a) reversal or vacatur of the conviction and dismissal of the accusatory instrument; (b) reversal or vacatur with retrial ordered and then a finding of *221 not guilty after retrial; or (c) reversal or vacatur with retrial ordered but not had and then dismissal of the accusatory instrument. The "provided” clause then adds the condition "that the * * * conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of the” specified grounds. Defendant reads this proviso as a general one, applicable to all three situations outlined. Claimant reads the proviso as a limited one, applying only where there is a dismissal of an accusatory instrument.
A first place to look for the meaning of a statute is its language. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [b]; § 94.) An initial problem with defendant’s interpretation of the proviso is it makes seemingly significant language in the statute superfluous and meaningless. A fundamental maxim of statutory construction is that all words of a statute should be presumed to have been inserted for a purpose and thus all should be given meaning to the extent possible and consistent with the statutory intent. (See, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 97, 98, 231.) If the statute is read to require that the precedent reversal or vacatur be on the specified grounds in all three of the noted circumstances, then the language in the proviso "and the accusatory instrument was dismissed” is unnecessary. If the statute is read to require that there must be a dismissal for relief in any circumstances (either on the specified grounds or otherwise), then the language in the subdivision preceding the proviso concerning retrial and a finding of not guilty is unnecessary.
Claimant’s interpretation, however, harmonizes these apparently meaningful parts of the statute (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 98) and construes the proviso as what it is, "a condition, qualification, or limitation”, a clause "to modify the operation of that part of the statute” (Webster’s Third New Inti Dictionary [unabridged]; McKinney’s Cons Laws of NY, Book 1, Statutes § 212). This interpretation gives pragmatic meaning to all the words of the statute by applying the proviso to the specific circumstances it describes, but allowing the general terms of the subdivision to operate where the proviso does not apply. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 238.) The clause in the proviso concerning dismissal may have been awkwardly placed, but it is unquestionably conjunctive and it is set off by commas (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 253, at 417, nn 19, 20). Also, the specified grounds are grounds for reversal or vacatur, not dismissal per se. (See, CPL *222 440.10, 470.15, 470.20.) This all supports a reading that reversal or vacatur on a specified ground is required only when there is also a dismissal. The proviso by its terms thus covers two of the three circumstances where relief under the statute is possible (i.e., where there is a dismissal of the accusatory instrument), but not the third (i.e., where there is an acquittal and no technical dismissal; cf., CPL 160.50 [2]).
Most importantly, this construction of the statute comports with its legislative intent and purpose. (See, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 92, 95, 96.) The purpose of the statute was to provide a new remedy for unjustly convicted, innocent persons (see, Court of Claims Act § 8-b [1]; see generally, Report, op. cit.; Executive mem, op. cit.), but an obvious concern was that this remedy not unduly burden the State (see, Report, op. cit., at 2925-2926, 2928, 2934-2935; Executive mem, op. cit.). Hence restrictions and requirements (and a substantial burden of proof; see, Court of Claims Act § 8-b [1], [4], [5]) were built into the statute and the subject proviso was one of them. As originally proposed by the State Law Revision Commission, the subject subdivision did not contain the proviso (see, Report, op. cit., at 2936; Court of Claims Act § 8-b [3] [b] [ii]), although the Commission did note that some grounds for reversal or vacatur were unrelated to innocence (see, Report, op. cit., at 2928-2929, 2930). The Commission believed that other requirements in the statute would sufficiently limit meritless claims (see, id., at 2929, 2930) and that the number of spurious claims otherwise allowed would not be numerous enough to warrant a stricter standard (see, id., at 2930). Obviously the Legislature disagreed and seemingly it picked up on the examples cited by the Commission of procedural, constitutional reversals where baseless claims could have been presented (see, id., at 2928-2929, 2930). These examples involved reversals where no new trial or retrial is had and while of course this background material is not determinative of the subsequent changes made by the Legislature, it does show considerations that were before the Legislature when it added the subject proviso (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 125 [b]).
It should be noted that this proviso is very much a balancing of the competing interests involved (see, Report, op. cit., at 2926, 2935; Executive mem, op. cit.) since it precludes possibly meritorious claims as well as meritless ones (see, Report, op. cit., at 2928-2929, 2930). Also, while the proviso may have *223 been intended to minimize baseless claims, it does not eliminate all possibility of them. The Legislature drew a line between two poles, the conservative one of barring all baseless claims, even at the expense of barring some meritorious ones, and the more liberal one of allowing all meritorious claims, even at the expense of allowing some meritless claims (see, Report, op. cit., at 2926). Individuals may disagree with the placement of the line, or that it had to be drawn at all, but it is not for the court to second-guess the wisdom of the Legislature in its proper province. We think it cannot be gainsaid that limiting the statute to situations where there is a significant probability of innocence is reasonable in light of the statute’s purpose (see, infra). Thus, while both sides may be able to point to situations where baseless claims are allowed and meritorious ones barred by application of the proviso, we believe the manifest intent behind it was to limit the statute to reversals or vacaturs where there is also some indicia or probability of innocence. As the Commission noted, innocence is the linchpin of the statute (see, Report, op. cit., at 2930; Rivers v State, 130 Misc 2d 544, 546), and there would seem to be just as much a probability of innocence where there is a reversal and finding of not guilty after a trial as when there is a dismissal without any trial after a reversal for new evidence (see, Court of Claims Act § 8-b [3] [b] [ii] [A]; CPL 440.10 [1] [g]). The court of course does not equate a finding of not guilty with innocence (compare, e.g., CPL 70.20, with Court of Claims Act § 8-b [5]), but we think it eminently reasonable to find a comparable correlation with innocence in a retrial and acquittal as in a dismissal without retrial after reversal or vacatur on one of the specified grounds. As indicated by the Commission, none of the grounds for reversal or vacatur under State law exactly correlate with innocence. (See, Report, op. cit., at 2928.)
Accordingly, while apparently this statute is subject to strict construction (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [a], [c]; §§ 304, 321), that does not mean it must be construed in contravention to other applicable rules of construction. Allowing presentation of a claim where there has been a retrial and finding of not guilty is consistent with the purpose and intent of the statute and its language. We find the State’s interpretation neither consistent with that *224 intent and purpose nor properly supportable by that language. Denial of its motion is therefore warranted.[3]

. Claimant presented an affidavit by a legislative sponsor of the statute, but we have given it no weight as factual evidence of the Legislature’s intent (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 125, at 261), although we have considered the arguments therein to the extent persuasive.

. It would appear the provided clause can be read as requiring that both the reversal or vacatur and the dismissal be on a specified ground and that there must be such a dismissal for a claim to satisfy said subdivision (b) (ii). Of course, the fact the listed grounds are not ones for dismissal negates the former would-be interpretation (see, infra, at 221-222) and the latter construction makes much of the preceding language of the subdivision superfluous and meaningless (see, infra, at 221). Nonetheless, the determination here is based at least in part on rules of statutory construction (cf., McKinney’s Cons Laws of NY, Book 1, Statutes § 76), albeit such rules are largely specific corollaries of more general rules of logic.

. Defendant also asks for partial dismissal as to pretrial detention, but claimant states he is making no claim therefor. The State’s further contention that the claim is deficient because claimant’s trial testimony is not annexed is sufficiently answered by claimant’s statement there was none because he did not testify.