■ JOSEPH KLEMM, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 77365.)—In a claim to recover damages for unjust conviction pursuant to Court of Claims Act § 8-b, the State appeals from an order of the Court of Claims (McCabe, J.), entered December 19, 1988, which denied its motion pursuant to CPLR 3211 to dismiss the claim and pursuant to CPLR 3212 for summary judgment and which granted the claimant's cross motion for partial summary judgment on the issue of liability pursuant to CPLR 3212.

Ordered that the order is modified by deleting the provision granting the claimant's cross motion for partial summary judgment on the issue of liability, and substituting therefor a provision denying the claimant's cross motion; as so modified, the order is affirmed, without costs or disbursements.

The claimant and Sheldon Midlarsky were convicted of murder in the second degree and two counts of attempted murder in the second degree, arising out of events which took place at the Hedricks' home in the Town of Pleasant Valley, Dutchess County, New York. The claimant appealed his judgment of conviction and this court reversed it and ordered a new trial owing to the failure of the trial court to instruct the jury properly as to identification evidence and an alibi defense *(People v Klemm,* 124 AD2d 826). At the retrial, the jury acquitted the claimant.

The claimant thereafter commenced this action. The State moved to dismiss the claim and for summary judgment. The claimant cross-moved for partial summary judgment on the issue of liability. The Court of Claims, without explanation, denied the State's motion and granted the claimant's cross motion. The claimant's cross motion was improperly granted.

"In the absence of serious flaws in a * * * statement of facts, the weighing of the evidence is more appropriately a function to be exercised at the actual trial, rather than on a motion to dismiss" *(Dozier v State of New York,* 134 AD2d 759, 761). In the instant case, a resolution of the claim involves an assessment of the credibility of the evidence and should await a trial.

We have considered the parties' remaining contentions and find them to be without merit. Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.