■ MARION COAKLEY, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 77025.) [640 NYS2d 500]

Claimant established entitlement to relief under the Unjust Conviction and Imprisonment Act of 1984 (Court of Claims Act § 8-b) by clear and convincing evidence, in particular, the post-conviction serological testing which confirmed that the semen found on the rape victim's underwear was not his.

The statute mandates that claimant's conviction be reversed

or vacated on certain specified grounds, one of which is newly discovered evidence under CPL 440.10 (Court of Claims Act § 8-b [5] [b] [ii]). Since claimant's conviction was explicitly vacated by the trial court on this ground, the requirements of the subdivision have been met, notwithstanding the fact that the conviction was also vacated on grounds of ineffective assistance of counsel, a ground not specified in the subdivision. We conclude that claimant could not have discovered the evidence through the exercise of due diligence, given the circumstances of the underlying criminal proceedings.

Further, although the subdivision is not without ambiguity (*see, Ivey v State of New York*, 80 NY2d 474), we reject defendant's additional argument that both the vacatur of the conviction and the dismissal of the accusatory instrument must be based on one of the specified grounds (*see, Dozier v State of New York*, 134 AD2d 759, 762; *Ferrer v State of New York*, 136 Misc 2d 218, *affd* 136 AD2d 487). Rather, the enumerated grounds refer only to the vacatur (or reversal) (*Ferrer v State of New York, supra*), and the subdivision is satisfied when the dismissal is "clearly predicated" on the prior order vacating the judgment (*Dozier v State of New York, supra,* at 762), as was the case here.

The court properly denied claimant recovery for lost wages since the evidence established that, although he was previously employed, he did not lose his job due to this conviction, and the evidence of his subsequent part-time employment was both vague and undocumented (*see, Bielich v Winters*, 95 AD2d 750; *Papa v City of New York*, 194 AD2d 527, 531, *lv denied and dismissed* 82 NY2d 918). Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ. [*See,* 150 Misc 2d 903.]