Owens v State of New York (2021 NY Slip Op 07374)





Owens v State of New York


2021 NY Slip Op 07374


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


873 CA 20-01569

[*1]PHILLIP H. OWENS, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 133716.) 






ROTH & ROTH, LLP, NEW YORK CITY (ELLIOT D. SHIELDS OF COUNSEL), FOR CLAIMANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered May 18, 2020. The order, insofar as appealed from, granted defendant's motion to dismiss and dismissed the amended claim. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied, and the amended claim is reinstated.
Memorandum: Claimant commenced this action pursuant to Court of Claims Act § 8-b seeking damages based on allegations that he was wrongly convicted and imprisoned by defendant, State of New York (State). We agree with claimant that the Court of Claims, after granting his cross motion to amend the claim, erred in granting the State's motion to dismiss.
Claimant's criminal prosecution arose from an alleged incident in which claimant, while in a vehicle located in a convenience store parking lot, fired gunshots at a vehicle being driven by claimant's now ex-wife (see People v Owens, 159 AD3d 1349, 1350 [4th Dept 2018]). The evidence at the jury trial established that the ex-wife made a 911 call approximately one hour after the shooting in which she reported that she was driving down a street in a green Lexus with the then-four-year-old son of the ex-wife and claimant, and that she was approaching the intersection where the convenience store was located when claimant fired gunshots from a vehicle in the convenience store parking lot. During the intervening hour before the 911 call, the ex-wife had made a significant number of phone calls, including to her divorce attorney. The ex-wife testified regarding the route that she took to the intersection and described seeing claimant firing a gun at her (see id.).
Although multi-camera surveillance video from the convenience store at the intersection where the shooting occurred was admitted in evidence during the prosecution's case-in-chief, it was not played in court until summations (see id. at 1351). Upon watching the video played during the prosecutor's summation, including camera angles from inside the store, claimant recognized the ex-wife as the woman purchasing items and then exiting the convenience store parking lot with two children in a blueish-gray Nissan, which was different from the green Lexus that the ex-wife was supposedly driving when the shooting occurred at the intersection less than two minutes later. Thus, the video evidence depicted the ex-wife leaving the convenience store parking lot in a vehicle with two children even though the prosecution's theory at trial, as supported by the ex-wife's testimony, was that the ex-wife arrived at the scene less than two minutes later, approaching the intersection on a different street from the opposite direction in a different vehicle, with just the son in the back seat (see id.).
The criminal court denied claimant's motion to reopen the proof to recall the ex-wife for further cross-examination about the video evidence. Thereafter, claimant was convicted of one [*2]count each of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Claimant was sentenced to a controlling determinate term of imprisonment of 13 years.
On appeal, we reversed the judgment of conviction on two grounds, including that the criminal court abused its discretion in denying claimant's motion to reopen the proof (see Owens, 159 AD3d at 1351-1353). We noted that defense counsel "set forth a proffer of material evidence that was directly relevant to the issue whether the alleged victim and sole eyewitness had fabricated her story or was even at the scene at the time of the alleged shooting incident" (id. at 1352). "Inasmuch as the video depicted a woman identified by [claimant] as the [ex-]wife purchasing items and then leaving the store with two children in a vehicle different from the one that she supposedly occupied with just one child at the time of the shooting less than two minutes later," we agreed with claimant that "the video provided strong proof that the [ex-]wife was not at the intersection in a green Lexus at the time of the shooting" (id.). We concluded that the criminal court, in denying claimant's motion to reopen the proof, erred in "failing to recognize [claimant's] constitutional right to present a complete defense and confront his accuser with evidence that, under these circumstances, would certainly [have] influence[d] the jury's determination of guilt" (id. at 1353). In further concluding that claimant was denied meaningful representation by defense counsel's failures related to his lack of due diligence in investigating and reviewing the video evidence prior to trial, we determined that "the video significantly—if not entirely—undermined the prosecution's theory by calling into doubt the [ex-]wife's veracity and the physical possibility of her account given the actions and travel distance necessary for her to have returned to the scene in a different vehicle with one less child, from a different direction, in less than two minutes" (id.). We thus granted claimant a new trial on the relevant counts of the indictment (see id. at 1354).
During the retrial, the ex-wife was called to testify by the prosecution, but she ultimately invoked her Fifth Amendment right against self-incrimination. After the prosecution rested without the testimony of the ex-wife, claimant moved for a trial order of dismissal pursuant to CPL 290.10, which was unopposed by the prosecution due to lack of evidence to establish each element of the charged crimes. The criminal court granted the motion, and claimant was released from prison.
"Section 8-b of the Court of Claims Act was enacted to provide redress to innocent persons who prove by clear and convincing evidence that they were unjustly convicted and imprisoned" (Ivey v State of New York, 80 NY2d 474, 479 [1992]). As relevant on this appeal, a claimant may be eligible to seek relief under the statute when the "judgment of conviction was reversed or vacated, and . . . , if a new trial was ordered, . . . [the claimant] was found not guilty at the new trial" (Court of Claims Act § 8-b [3] [b] [ii]). In other words, a claimant may present a claim under the statute where, inter alia, the judgment of conviction was reversed and "there has been a retrial and an acquittal" (Ivey, 80 NY2d at 481).
Here, as claimant contends and the State correctly concedes, the court erred in determining that claimant "was not retried." To the contrary, the record establishes that "a new trial was ordered" and held inasmuch as the jury was sworn, the parties made opening statements, the prosecution called various witnesses and, following the close of the prosecution's case, the criminal court granted claimant's motion for a trial order of dismissal (Court of Claims Act § 8-b [3] [b] [ii]; see Owens, 159 AD3d at 1354; see generally CPL 1.20 [11]; People v Crespo, 32 NY3d 176, 182 [2018], cert denied — US &mdash, 140 S Ct 148 [2019]).
We further conclude, as claimant contends and the State correctly concedes, that the court erred in determining that a trial order of dismissal pursuant to CPL 290.10 was not the equivalent of a finding of not guilty, i.e., an acquittal, for purposes of Court of Claims Act § 8-b (3) (b) (ii). Considering the remedial purpose of the statute (see § 8-b [1]) and the fact that an acquittal is a "useful and relevant indicator of innocence" (Ivey, 80 NY2d at 480), we agree with the parties that there is no meaningful distinction for purposes of a claimant's threshold showing between an acquittal by a trier of fact due to failure to prove guilt beyond a reasonable doubt (see id. at 481) and a trial order of dismissal due to legally insufficient evidence (see generally People v Delamota, 18 NY3d 107, 113 [2011]). For purposes of the statute, as in other contexts, we conclude that a trial order of dismissal "is the equivalent of a judicial acquittal" (William C. [*3]Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 290.10; see generally Martinez v Illinois, 572 US 833, 841 [2014]; People v Biggs, 1 NY3d 225, 229 [2003]). Thus, claimant established his eligibility to present his claim because, as relevant on appeal, his judgment of conviction was reversed and "there has been a retrial and an acquittal" (Ivey, 80 NY2d at 481; see Court of Claims Act § 8-b [3] [b] [ii]).
We also agree with claimant that, contrary to the State's contention, the court erred in granting the motion to dismiss on the alternative ground that claimant failed to sufficiently plead his claim. As relevant on appeal, Court of Claims Act § 8-b (4) (a) provides that "[t]he claim shall state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that . . . he did not commit any of the acts charged in the accusatory instrument." "[T]he familiar standard governing motions to dismiss in Supreme Court is appropriate" in actions brought under Court of Claims Act § 8-b and, therefore, the "Court of Claims, like other trial courts, should 'accept the facts as alleged in the [claim] as true' " (Warney v State of New York, 16 NY3d 428, 435 [2011]). Nonetheless, "section 8-b still imposes a higher pleading standard than the CPLR" (id.). The court "must consider whether the allegations are sufficiently detailed to demonstrate a likelihood of success at trial" (id., citing Court of Claims Act § 8-b [4]). " '[T]he allegations in the claim must be of such character that, if believed, they would clearly and convincingly establish the elements of the claim, so as to set forth a cause of action' " (id.). "In evaluating the likelihood of success at trial, [the court] should avoid making credibility and factual determinations" (id.). Indeed, "[i]n the absence of serious flaws in a . . . statement of facts, the weighing of the evidence is more appropriately a function to be exercised at the actual trial" (id. [internal quotation marks omitted]).
Here, accepting the truth of claimant's allegations, as we must, we conclude that the allegations in the amended claim, as supported by documentary evidence despite there being no requirement that such evidence be submitted (see id. at 434), "are sufficiently detailed to demonstrate a likelihood of success at trial" (id. at 435; see Court of Claims Act § 8-b [4]). In particular, claimant's allegations and submissions are of such character that, if believed, they would clearly and convincingly establish that claimant did not possess a gun or fire such gun at the ex-wife as alleged in the indictment and, instead, that the ex-wife—the only person to place claimant at the scene—fabricated the story of claimant's involvement in the alleged shooting (see Dozier v State of New York, 134 AD2d 759, 761 [3d Dept 1987]). In determining otherwise, the court improperly assessed the credibility of the evidence (see Warney, 16 NY3d at 435; Solomon v State of New York, 146 AD2d 439, 445 [1st Dept 1989]). Where, as here, there is an "absence of serious flaws in a claimant's statement of facts, the weighing of the evidence is more appropriately a function to be exercised at the actual trial, rather than on a motion to dismiss" (Dozier, 134 AD2d at 761; see Warney, 16 NY3d at 435).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court