Nolan v State of New York (2023 NY Slip Op 23424)

[*1]

Nolan v State of New York

2023 NY Slip Op 23424

Decided on December 18, 2023

Court Of Claims

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 18, 2023
Court of Claims

Ralph Nolan, Claimant,

against
The State of New York, Defendant.

Claim No. 138961

For Claimant:
Edelman & Edelman, P.C.
By: Martin W. Edelman and Paul F. Callan, Esqs.
For Defendant:
Hon. Letitia A. James, Attorney General of the State of New York
By: Antonella Papaleo, Esq., Assistant Attorney General

Javier E. Vargas, J.

Papers Considered:
Notice of Motion, Affirmation & Exhibits Annexed 1-4
Affirmation in Opposition, Memorandum & Exhibits Annexed 5-11
Affirmation in Further Support of Motion to Dismiss 12
Upon the foregoing papers and for the following reasons, the Motion by Defendant State of New York (hereinafter "State"), seeking the dismissal of the Claim, is granted and the Claim [*2]is hereby dismissed as provided hereinbelow.
The following facts are essentially undisputed. On April 10, 2015, Claimant Ralph Nolan (hereinafter "claimant") was convicted by a jury in the United States District Court, Southern District of New York, of serious crimes under the federal statute known as the Hobbs Act,[FN1]
to wit: conspiracy to commit Hobbs Act robbery in violation of 18 USC § 1951, attempted Hobbs Act robbery in violation of 18 USC § 1951, and brandishing a firearm during a crime of violence (18 USC § 924[c][1][A][ii]) (see Claim, Exh. 2, 5). In essence, the federal jury found claimant guilty of joining in an armed robbery of an apartment occupied by a family, some of whose members were dealing in drugs. That same day, the claimant was remanded to the custody of the U.S. Marshals for sentencing. Well over a year later, on September 28, 2016, claimant was sentenced to imprisonment for ten years, and was committed to the custody of the United States Bureau of Prisons to serve his term of imprisonment (see Claim, Exh. 5, 12). During that time, the claimant appealed his conviction, and separately moved in the District Court to vacate his sentence pursuant to 28 USC § 2255, on the ground of ineffective assistance of counsel, and on February 20, 2018, the District Court (Daniels, J.) denied the motion without a hearing (see Claim, Exh. 2). 
Upon claimant's consolidated appeals of his criminal conviction and the motion denial, by Decision and Order dated April 15, 2020, the United States Court of Appeals for the Second Circuit reversed the District Court's denial of claimant's § 2255 motion, vacated his conviction of all three counts, and remanded the case to the District Court for further proceedings, holding that claimant "did not receive the effective assistance of counsel guaranteed by the [US Constitution's] Sixth Amendment" (United States v Nolan, 956 F 3d 71, 81 [2d Cir 2020]). Upon the subsequent filing of a Nolle Prosequi motion by the U.S. Attorney's Office, on March 23, 2021, the District Court (Daniels, J.), granted the motion, reasoning that based on a review of the evidence in the case and in light of the decision of the Court of Appeals, the Federal "Government has concluded that further prosecution of [claimant] would not be in the interests of justice" (United States v Nolan, 14- CR-00555 [SDNY, Mar. 23, 2021]; see Claim, Exh. 16). Judge Daniels so ordered the Nolle Prosequi, dismissing the indictment against claimant (id.). 
By Claim filed March 22, 2023, the claimant then commenced the instant action against the State seeking damages for unjust conviction and imprisonment, pursuant to Court of Claims Act § 8-b, the Unjust Conviction and Imprisonment Act of 1984, alleging that he was wrongfully imprisoned for a period of six years for a crime that he did not commit. The Claim affirms that on April 10, 2015, the federal jury, relying on fraudulently obtained eyewitness identifications, convicted claimant under the Hobbs Act. Specifically, the Claim alleges that claimant's conviction was procured by duress, misrepresentation, and fraud by the New York City Police Department (hereinafter "NYPD"), and upon material evidence submitted at trial which was known to be false by the NYPD and others, including the highly suspect identifications of four witnesses who initially failed to identify him, until the NYPD showed them a Facebook photo of [*3]claimant holding a BB gun which looked similar to the actual gun used in the robbery (see Claim at 2, ¶¶ 8, 11). 
Per claimant, when the U.S. District Court granted the Nolle Prosequi and dismissed the case on March 23, 2021, it was tantamount to a trial order of dismissal and acquittal (see Claim at 11, ¶ 66). Furthermore, he was actually innocent of the charges for which he was convicted, did not commit any of the acts charged in the accusatory instrument, and did not by his own conduct cause or contribute to his conviction (see Claim at 11, ¶ 68). As a result of his wrongful conviction, claimant avers that he suffered unspeakable anguish for nearly six years of his life, and seeks damages in the amount of $10,000,000 against the State (see Claim at 11-12). 
By Notice of Motion filed on May 17, 2023, the State moves for an order dismissing the Claim, pursuant to Court of Claims Act § 8-b(2), (3) and CPLR 3211(a)(7), arguing that claimant does not qualify under the strictly construed Court of Claims Act § 8-b because his underlying conviction was for Federal crimes against the United States as opposed to crimes against the State of New York. Additionally, the State argues that the reversal of claimant's conviction was not predicated on an enumerated ground under Court of Claims Act § 8-b(3)(b)(ii), but instead on the grounds of ineffective assistance of counsel pursuant to 28 USC § 2255. As such, the proviso clause of Court of Claim Act § 8-b contemplates vacatur of convictions at the State level pursuant to various sections of CPL 440.10, and that statute and precedent specifically exclude reversals on constitutional grounds such as ineffective assistance of counsel, as per the State. 
On August 16, 2023, claimant filed an Affirmation in Opposition to the State's Motion, arguing that he was convicted and subsequently imprisoned for felonies against the State because the NYPD initially investigated the State crimes, irrespective of which sovereign prosecutor handled the investigation, and the State against whom the felonies must be committed includes the Federal government. Claimant further maintains that Court of Claims Act § 8-b unambiguously covers felonies against the State, arguing that the term "the state" is frequently used to describe entities of government, not just the State of New York. Claimant goes on to argue that legislative intent and Court of Claims Act § 8-b contains no language limiting the Act to crimes against the State of New York alone. Furthermore, claimant cites Ivey v State of New York (80 NY2d 474 [1992]) as standing for the proposition that Court of Claims Act § 8-b(3)(b)(ii) does not exclude reversal and subsequent acquittal at trial. Per claimant, Ivey represents a recognition that the enumerated grounds set forth in Court of Claims Act § 8-b(3)(b)(ii) are not an absolute bar to claimants who have their conviction reversed, then win an acquittal at their retrial. Claimant valiantly concludes that the prosecutor's failure to introduce evidence of a prima facie case, resulting in dismissal, is an acquittal as a matter of law. 
Thereafter, on August 28, 2023, the State filed an Affirmation in Further Support of the Motion to Dismiss arguing that claimant's opposition fails to meaningfully address the State's motion. The State argues that claimant cannot salvage his claim by arguing that the NYPD initially investigated the underlying criminal conduct that led to his conviction because it is undisputed that claimant was convicted for violating crimes against the United States and not the State of New York. Also, it is well established that the NYPD members are not State officials but rather local city officials for whose tortious acts the State is not responsible and the Court of Claims has no jurisdiction. The State cites Long v State of New York (7 NY3d 269 [2006]), as holding that when a retrial results in an acquittal, the claimant need not show that the reversal or [*4]vacatur was based on one of the grounds listed under Court of Claims Act § 8-b(3)(b)(ii). However, the State argues that claimant's vacatur and dismissal was not an acquittal after retrial, therefore he cannot escape the requirements of the proviso clause of the unjust conviction statute. In any event, the State concludes that vacatur based on ineffective assistance of counsel is not an enumerated ground under Court of Claims Act § 8-b(3)(b)(ii). Upon reading the papers herein, this Court agrees.
"The Court of Claims has limited jurisdiction to hear actions against the State itself or actions naming State agencies or officials as defendants, where the action is, in reality one against the State - i.e., where the State is the real party of interest" (Borawski v Abulafia, 117 AD3d 662, 663 [2nd Dept 2014]). It possesses only such jurisdiction as the State Legislature expressly confers upon it (see Ivey v State of New York, 80 NY2d at 479; Court of Claims Act § 9). "'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913 [1999], quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]; Correa v State of New York, 208 AD3d 847 [2d Dept 2022]).
That being said, the Unjust Conviction and Imprisonment Act under Court of Claims Act § 8-b "was enacted to provide redress to innocent persons who prove by clear and convincing evidence that they were unjustly convicted and imprisoned . . . to recover damages against the state" (Court of Claims Act § 8-b[1]; see Ivey v State of New York, 80 NY2d at 479; Isaac v State of New York, 78 Misc 3d 473 [Ct Cl, Vargas, J., Jan. 18, 2023]). To successfully maintain a claim for unjust conviction, the statute requires that claimant prove, among other things, that he was pardoned "upon the ground of innocence;" or "his judgment of conviction was reversed or vacated, and the accusatory instrument was dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the judgment of conviction was reversed or vacated, and the accusatory instrument was dismissed," on any of limited and specific grounds [FN2]
(Court of Claims Act § 8-b[3][b][ii]; see David W. v State of New York, 27 AD3d 111, 114-115 [2d Dept 2006]; Heiss v State of New York, 143 AD2d 67, 69 [2d Dept 1988]).
All counts filed against a claimant must be reversed, vacated or dismissed under these statutorily enumerated grounds in order to recover (see Leka v State of New York, 16 AD3d 557 [2d Dept 2005]; Pough v State of New York, 203 AD2d at 544; McFadden v State of New York, [*5]151 AD2d 730, 730-731 [2d Dept 1989]). In addition, a claimant must state, in the "verified" claim, "facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that . . . he did not commit any of the acts charged in the accusatory instrument" (Court of Claims Act § 8-b[4]; see Reed v State of New York, 78 NY2d 1, 9 [1991]; Nieves v State of New York, 186 AD2d 240, 241 [2d Dept 1992]). Only claims satisfying these threshold "strict pleading and evidentiary burdens" may be heard on the merits (Warney v State of New York, 16 NY3d 428, 434 [2011]; see Reed v State of New York, 78 NY2d at 10; Hernandez v State of New York, 2023 NY Slip Op 23421 [Ct Cl, Marnin, J., 2023]).
As the Court of Appeals explained, the Legislature chose to limit the qualifying grounds for recovery in order to help courts weed out "frivolous suits against the State" (Ivey, supra at 479), recognizing that the "'linchpin' of the statute is innocence" (id.; see Scheidelman v State of New York, 151 AD3d 1691, 1693 [4th Dept. 2017]). For instance, the Legislature specifically excluded from recovery vacaturs for violations of constitutional rights (Criminal Procedure Law [CPL] § 440.10[h]), and vacaturs where "material evidence" produced by the prosecution at trial "was procured in violation" of a defendant's constitutional rights (CPL 440.10[1][d]; see Tyson v State of New York, 182 Misc 2d 707, 712 [Ct Cl, Corbett, J., Aug. 1999], affd for reasons stated below 280 AD2d 934 [4th Dept. 2001], lv denied 96 NY2d 714 [2001]). Ineffective assistance of counsel findings fall within the excluded category of constitutional claims and do not qualify as a predicate for claims under the Unjust Conviction and Imprisonment Act (see Britt v State of New York, 260 AD2d 6 [1st Dept 1999]; Baba-Ali v State of New York, 19 NY3d 627 [2012]; Coaklev v State of New York, 225 AD2d 477 [1st Dept 1996]).
Applying these principles to the matter at bar, the State's Motion must be granted because claimant has not fulfilled all of the statutory requirements of Court of Claims Act § 8-b. It is undisputed that claimant was charged and ultimately convicted by a federal jury in the Southern District of New York with respect to federal crimes under a federal statute, the Hobbs Act, followed by his incarceration in a federal facility (see Claim, Exh. 2, 4, 5). Clearly, these are not State crimes and there is no State involvement whatsoever, therefore, Court of Claims Act § 8-b provisions have no applicability here. Contrary to claimant's contention, courts have repeatedly defined "the state" in the Court of Claims Act as "New York State" (Butt v City Univ. of New York, UID No. 2016-049-048 [Ct Cl, Weinstein J., December 9, 2016]; see Arrington v State of New York, UID No. 2011-038-531 [Ct Cl, DeBow, J., May 24, 2011]; Court of Claims Act § 9). Even if the Court were to consider NYPD's investigative role in claimant's prosecution and imprisonment, the NYPD is not an agency of New York State (see Jackson v State of New York, 69 Misc 3d 1223[A] [Ct Cl 2020]). Indeed, "the members of the police department, in every city have generally been regarded as local officers because of the source of their appointment and the local limitation of their power" (Whitmore v State, 55 AD2d 745 [3d Dept 1976]). In view of the record presented, it is clear here that since claimant was convicted with respect to Federal crimes, sentenced in a Federal Court and served time in a Federal facility, the Court of Claims has no jurisdiction over the instant Claim.
Likewise, this Court has no jurisdiction over the Claim because the reversal of claimant's conviction does not qualify under any of the limited and specific enumerated grounds - or the proviso clause - contained in Court of Claims Act § 8-b(3)(b)(ii). Claimant's contention that the Nolle Prosequi dismissal by the District Court is equivalent to an acquittal after retrial is [*6]misplaced. The record reflects that when the Court of Appeals vacated the claimant's conviction and remanded the case for further proceedings in the District Court, the prosecutors elected to seek a vacatur and dismissal of the indictment, instead of retrying the case. When a retrial results in an acquittal, the proviso clause does not control, and "the claimant need not show that the reversal or vacatur was based on one of the grounds listed in Court of Claims Act § 8-b(3)(b)(ii)" (see Long v State, 7 NY3d at 274, quoting Ivey v State, supra at 480-481). That is, the proviso clause controls if the criminal matter is vacated and dismissed without a retrial and an acquittal. Here, since the District Court's dismissal of the indictment is a vacatur, not an acquittal, the proviso clause would have to be considered.
Considering those factors, it should be noted that the Court of Appeals vacated claimant's conviction based on ineffective assistance of counsel guaranteed by the Sixth Amendment (see United States v Nolan, 956 F 3d at 81). "Vacatur of a judgment of conviction on any other ground not enumerated in under Court of Claims Act § 8-b(3)(b) - such as ineffective assistance of counsel - is not actionable in the Court of Claims" (Rosario v State of New York, UID No. 2020-052-001 [Ct Cl, Rodriguez-Morick, J., January 7, 2020]; see Isaac v State of New York, 2023 NY Slip Op 23015). Under the circumstance described herein, claimant is not eligible to maintain his Claim or attempt to satisfy the other relevant requirements for relief in the Court of Claims (see Ivey, supra at 482). This Court finds that the instant Claim falls short of meeting the Court of Claims Act § 8-b requirements, therefore, the Claim should be dismissed for lack of subject matter jurisdiction.
In accordance with the foregoing, the State's Motion to dismiss the Claim (Motion No. M-99432) is granted, the Claim No. 138961 is hereby dismissed. New York, New York
December 18, 2023
Hon. JAVIER E. VARGAS
Judge of the Court of Claims

Footnotes

Footnote 1:The Hobbs Act is a United States federal law enacted in 1946, that prohibits actual or attempted robbery or extortion that affects interstate or foreign commerce. The Act has become an important tool for federal prosecutors, allowing them to pursue charges for crimes that might otherwise only violate state laws (see https://en.wikipedia.org/wiki/Hobbs_Act).

Footnote 2:The enumerated grounds under Court of Claims Act § 8-b(3)(b)(ii) are: "(A) CPL § 440.10[1][a] lack of personal and subject matter jurisdiction; CPL § 440.10[b] duress, misrepresentation or fraud; CPL § 440.10[1][c] false evidence; CPL § 440.10[1][e] incapacity of defendant; CPL § 440.10[1][g] newly discovered evidence; (B) CPL § 470.20[1] reversal — if based on one of the grounds in [A]—and a new trial; CPL § 470.20[2] reversal on grounds of legal insufficiency and entire accusatory instrument must be dismissed; CPL § 470.20[3] modification of judgment for legal insufficiency and dismissal of one count, if count dismissed was a sole bases of imprisonment; CPL § 470.20[5] reversal of modification as against the weight of the evidence, accusatory instrument must be dismissed" (Kirk v State of New York, UID No. 2001-013-027 [Ct Cl, Patti, J., Nov. 13, 2001]).