Taft v State of New York
2026 NY Slip Op 02902
May 7, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Veronica Taft, Respondent,
v
State of New York, Appellant.

Decided and Entered:May 7, 2026
CV-24-1811
Calendar Date: March 24, 2026
Before: Clark, J.P., Aarons, Ceresia, Mcshan And Corcoran, JJ.

Letitia James, Attorney General, Albany (Frank Brady of counsel), for appellant.
DeFrancisco and Falgiatano, LLP, East Syracuse (John A. Cirando of D.J. & J.A. Cirando, PLLC, Syracuse, of counsel), for respondent.

[*1]
McShan, J.
Appeal from an order of the Court of Claims (Catherine Schaewe, J.), entered July 2, 2024, which, among other things, denied defendant's motion to dismiss the claim.
In connection with the December 2010 death of claimant's two-year old child, claimant was arrested and charged by indictment with murder in the second degree, manslaughter in the first degree and five counts of endangering the welfare of a child. The five counts of endangering the welfare of a child were for conduct that allegedly took place several months prior to the child's death. After a jury trial, claimant was convicted of murder in the second degree, manslaughter in the first degree and three counts of endangering the welfare of a child. Claimant was subsequently sentenced to 25 years to life in prison. Claimant appealed, and this Court reversed claimant's convictions for murder in the second degree and manslaughter in the first degree (hereinafter the homicide counts) as against the weight of the evidence (People v Taft, 145 AD3d 1090, 1095 [3d Dept 2016], lv denied 29 NY3d 953 [2017]). However, this Court held that the three counts of endangering the welfare of a child (hereinafter the endangerment counts) were supported by the weight of the evidence (id.). Claimant had served nearly four years in prison at the time of this Court's decision which vacated her convictions on the homicide counts.
In September 2018, claimant filed a claim pursuant to Court of Claims Act § 8-b to recover damages resulting from her unjust conviction and imprisonment. In its answer, defendant denied the allegations contained in claimant's claim and asserted several affirmative defenses, including that claimant failed to comply with the pleading requirements of Court of Claims Act § 8-b and that the claim failed to state a cause of action. Defendant, in January 2024, moved to dismiss the claim, arguing, as relevant here, that claimant failed to abide by the pleading requirements of Court of Claims Act § 8-b given the lack of documentary evidence showing the dismissal of the entire accusatory instrument. Defendant also moved for summary judgment, asserting that claimant had failed to meet the pleading requirements of showing a likelihood of success at trial. Claimant opposed defendant's motions and cross-moved to amend the claim to attach additional documentary evidence, including, among other things, evidence of this Court's decision vacating the homicide counts and the corresponding record from her criminal appeal. The Court of Claims granted claimant's motion to amend and denied defendant's motion in its entirety.FN1 Relevant to this appeal, the Court of Claims rejected defendant's argument that claimant's pleading must be dismissed based upon the convictions for endangering the welfare of a child that were affirmed on appeal and were included in the indictment against her. Having rejected that contention, the Court of Claims determined that there were issues of fact precluding summary judgment with [*2]respect to whether claimant could demonstrate her innocence by clear and convincing evidence. Defendant appeals.
Defendant contends that the Court of Claims erred in denying its motion to dismiss claimant's action as claimant failed to satisfy the pleading burden outlined in Court of Claims Act § 8-b (3) (b). Specifically, defendant argues that claimant failed to provide documentary evidence showing that the accusatory instrument was dismissed given the survival of her convictions for the endangerment counts. Court of Claims Act § 8-b (1) only permits "those innocent persons who can demonstrate by clear and convincing evidence that they were unjustly convicted and imprisoned . . . to recover damages against the state." The "linchpin of the statute is innocence" (Ivey v State of New York, 80 NY2d 474, 479 [1992] [internal quotation marks and citation omitted]). "When reviewing a motion to dismiss based on a failure to meet [the pleading requirements of Court of Claims Act § 8-b], the Court of Claims should accept the facts alleged therein as true, avoid making credibility or factual determinations and 'consider whether the allegations are sufficiently detailed to demonstrate a likelihood of success at trial' " (Mack v State of New York, 240 AD3d 1098, 1099 [3d Dept 2025] [citations omitted], lv denied ___ NY3d ___ [Apr. 21, 2026], quoting Warney v State of New York, 16 NY3d 428, 435 [2011]).
The crux of defendant's arguments on appeal center around the contention that the Court of Claims erred in relying on this Court's holding in Jones v State of New York (167 AD3d 1365 [3d Dept 2018]). Although defendant stops short of expressly asking that we revisit our holding in Jones, the bulk of its arguments do just that, as defendant asks that we apply the precedent narrowly. To that end, much of defendant's brief is devoted to its argument that the legislative intent underlying the enactment of Court of Claims Act § 8-b and, correspondingly, the construction of the term "accusatory instrument," reflects that claimant was required to demonstrate that the remaining counts for endangering the welfare of a child were also dismissed on qualifying grounds, a predicate that is clearly absent in this case.
Those arguments were squarely addressed by our holding in Jones, as we noted that "a literal interpretation of 'accusatory instrument' would lead to an unreasonable result starkly at odds with the clearly-expressed intent of the statute by denying recovery to claimant — who is indisputably innocent of the murder for which he was wrongfully convicted and imprisoned — solely because the charges arising from events now known to be unrelated were joined in a single indictment" (Jones v State of New York, 167 AD3d at 1367). Regardless of whether Jones arose from a "unique [set of] facts," the holding remains applicable to our construction of "accusatory instrument," which "must be construed as referring to only those counts that are based on the separate event or [*3]transaction underlying the crime for which the claimant was wrongfully convicted and imprisoned" (id.). Similarly, we have already addressed defendant's contention that all counts must be considered part of the accusatory instrument unless they are severed at the trial level. As we previously determined, doing so is merely "the procedure by which two or more counts contained in a single accusatory instrument are severed for separate trial . . . [and] it does not effect a severance of the accusatory instrument itself"; in other words, severance would not alter the fact that there remains one accusatory instrument at issue (id. at 1368 [citation omitted]; see Chalmers v State of New York, 246 AD2d 620, 621 [2d Dept 1998]).
Defendant also argues that, even if the reasoning of Jones applied, the endangerment counts were "related to" the homicide counts given that the charges were properly joined and the endangerment counts were used to demonstrate motive, intent or lack of mistake at trial.FN2 In addressing the limitations of the term "accusatory instrument," we look to whether the "indictment charges crimes based on separate events that could not have been properly joined had all the relevant facts been known at the time of indictment" (Jones v State of New York, 167 AD3d at 1367 [emphasis added]). We do not disagree that the endangerment counts could properly be joined to fit the People's theory at trial that such acts "would be material and admissible as evidence in chief" of the homicide counts (CPL 200.20 [2] [b]; see Jones v State of New York, 167 AD3d at 1367). However, that alone is not dispositive, as the claim and its supporting documents, including our determination on claimant's appeal of her convictions, suggest that the homicide counts stemmed from an entirely separate event, unlike those cases where the remaining counts were clearly intertwined with the event underlying the dismissed count (cf. Paris v State of New York, 202 AD2d 482, 483 [2d Dept 1994]; Hernandez v State of New York, 82 Misc 3d 783, 787 [Ct Cl 2023]; Pough v State of New York, 153 Misc 2d 490, 491 [Ct Cl 1992], affd 203 AD2d 543 [2d Dept 1994], lv denied 85 NY2d 803 [1995]). As set forth in the claim, claimant alleges facts that would establish a sufficient basis to conclude that the homicide counts could not have been joined with endangerment counts had all the relevant facts been known, or properly considered, at the time — to wit, claimant's complete lack of involvement with the conduct underlying the child's death and the ensuing homicide counts (see Jones v State of New York, 167 AD3d at 1367; Chalmers v State of New York, 246 AD2d at 621). Specifically, supporting depositions taken during the initial criminal investigation into the child's death showed that claimant was at her place of employment between the hours of 10:45 p.m. and 7:00 a.m. the night the child died and that the autopsy findings, in relevant part, found that the child likely died less than an hour [*4]after receiving his injuries, with the child's time of death "most likely" around 3:00 a.m. (People v Taft, 145 AD3d at 1092 [internal quotation marks omitted]). We therefore do not believe that the claim is precluded by the fact that claimant remains convicted of three unrelated counts of endangering the welfare of a child that were contained in the same indictment as the dismissed homicide counts and, consequently, defendant's motion to dismiss was properly denied.
Finally, as to the sufficiency of the claim, noting the heightened burden placed on claimant (see Court of Claims Act § 8-b [4]; see generally Warney v State of New York, 16 NY3d at 435), the Court of Claims assessed defendant's arguments as a request for summary judgment on which the evidence must be viewed in the light most favorable to claimant as the nonmovant (see Sabre Oxidation Tech., Inc. v Superior Plus Corp., ___ AD3d ___, ___, 2026 NY Slip Op 01835, *3 [3d Dept 2026]). By that measure, the aforementioned proof that claimant was at work at the time of the child's death, buttressed by the determination of this Court on claimant's appeal from her criminal conviction, was sufficient to survive defendant's motion for summary judgment (see Fowler v State of New York, 81 AD3d 495, 496 [1st Dept 2011]; Smith v State of New York, 55 AD3d 430, 430 [1st Dept 2008]; Lanza v State of New York, 130 AD2d 872, 873-874 [3d Dept 1987]; see generally Owens v State of New York, 200 AD3d 1624, 1628 [4th Dept 2021]; Dozier v State of New York, 134 AD2d 759, 761 [3d Dept 1987]; Grimaldi v State of New York, 133 AD2d 97, 100 [2d Dept 1987]; compare Mack v State of New York, 240 AD3d at 1100; Fudger v State of New York, 131 AD2d 136, 140 [3d Dept 1987], lv denied 70 NY2d 616 [1988]). To the extent that defendant's remaining contentions are not explicitly addressed, we have considered them and determined that they are unavailing.
Clark, J.P., Aarons, Ceresia and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1
On appeal, defendant does not challenge that part of the Court of Claims order granting claimant's cross-motion to amend, rendering that argument abandoned (seeO'Keefe v Barra, 215 AD3d 1039, 1041 n [3d Dept 2023], lv denied 40 NY3d 908 [2023]).

Footnote 2
On this, defendant briefly contends that claimant's situation measurably differs from the situation in Jones as the charges in this case were dismissed as against the weight of the evidence whereas, in Jones, this Court stated that the claimant was "indisputably innocent" (Jones v State of New York, 167 AD3d at 1367). However, as defendant also acknowledges, Court of Claims § 8-b (3) (b) (ii) (B) explicitly permits documentary proof of a reversal on weight of the trial evidence grounds to serve as the predicate for a claim for unjust conviction and imprisonment (see CPL 470.20 [5]), which, in substance, constitutes "a useful and relevant indicator of innocence" at this stage of litigation (Ivey v State of New York, 80 NY2d at 480).